# FEBRUARY 19, 1941

### JOHN BERNARD V. THE STATE.

No. 21338. Delivered January 8, 1941.

On Motion to Reinstate Appeal February 19, 1941.

134

The opinion states the case.

*Maury Hughes,* of Dallas, and *W. D. Justice,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for two years.

The record is before us without bills of exception or a statement of facts. It appears from the judgment that appellant waived a trial by jury, entered a plea of guilty, and filed his application for a suspended sentence. The judgment of the court shows that sentence was suspended and further that appellant was ordered released upon entering into recognizance in the sum of two thousand dollars. In view of the fact that the judgment shows that sentence was suspended on application made by the appellant, no appeal could be properly taken by the appellant to this court, as the judgment was not final. Under the circumstances, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

At a former day of this term of court, we dismissed the appeal in the case on the ground that the judgment, as the same appeared in the record, shows that appellant had been awarded a suspension of sentence from which no appeal could be prosecuted to this court.

The State has filed a motion for a rehearing accompanied by a certified copy of the judgment from the clerk of the District Court of Henderson County, as well as an affidavit by the clerk in which it is stated that the judgment found in the original transcript was incorrectly copied therein, when in truth and in fact, the judgment, as it appears upon the minutes of said court, does not suspend the appellant's sentence. Therefore, the State's motion for a rehearing is granted and the case will be disposed of on its merits.

There are no bills of exception complaining of any matter of procedure; nor is there a statement of facts in the record. Consequently the only matter presented for review is the sufficiency of the indictment which appears to be in due order. Therefore, the judgment of this court dismissing the appeal is set aside, the appeal is reinstated, and the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.